**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| **LOUIS and DONNA DeSTEFANO,** ) | |
| **Individually and as the Natural Parents** ) | |
| **of BRITTANY LEIGH DeSTEFANO, and** ) | |
| **LOUIS DeSTEFANO, as the Personal** ) | |
| **Representative of the Estate of BRITTANY** ) | |
| **LEIGH DeSTEFANO,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | **No. 4:04cv0076AS** |
| ) | |
| **ROBERT D. COCHRAN, JR.,** ) | |
| **DANIEL J. SMITH,** ) | |
| **JENNY SMITH,** ) | |
| **ROBERT COCHRAN SR.,** ) | |
| **BARBARA COCHRAN,** ) | |
| **BRIAN COCHRAN, and** ) | |
| **CAROL SMITH,** ) | |
| ) | |
| **Defendants** ) | |

### *MEMORANDUM OPINION AND ORDER*

Counsel for all parties appeared before this court in Lafayette, Indiana on June 19,

2006, and had a very fruitful and candid discussion of this case and the defendants' motions

for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories

and admissions on file, together with any affidavits, show that there exists no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze

summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

There is an amended complaint for damages that was filed April 12, 2006 which indeed brought in some new parties and lawyers. Everyone needs to be reminded that this case is on for trial by jury on Tuesday, October 10, 2006 at 9:30 a.m.

There appears to be a basis for jurisdiction here as far as the parties are concerned under 28 U.S.C. §1332. This court has a strong and admitted preference for the values that inhere in the Seventh Amendment of the Constitution of the United States. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995). To be sure, the defendants, or at least some of them, may well prevail on their arguments supporting summary judgment. Given the complexity of this case and the wide array of deposition testimony, and focusing particularly on the way in which this particular property has been used and the custom and habits of the owners in inviting guests thereto, this court cannot determine as a matter of law that this array of factual issues should not be submitted to a trier of fact, in this case, an eight-person jury selected in the federal court sitting in Lafayette, Indiana. Certainly this does not foreclose the defendants from raising these same issues as a basis for directed verdict after the presentation of the plaintiffs' evidence before a jury. At this time, however, there is simply enough to keep the courthouse door open to the plaintiffs as against all of the remaining defendants.

3

The defendants' motions for summary judgment are now **DENIED** with leave to renew them appropriately at a later time. It is very important that close attention be given to this case by all concerned so that it can be ready for trial as now scheduled. **IT IS SO ORDERED**.

    **DATED:** June 26, 2006

                    **S/ ALLEN SHARP**

                    **ALLEN SHARP, JUDGE**

                    **UNITED STATES DISTRICT COURT**