UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| LOUIS DeSTEFANO, Individually and as the Natural Parent of Brittany Leigh DeStefano and as the Personal Representative of the Estate of Brittany Leigh DeStefano, and DONNA DeSTEFANO, Individually and as the Natural Parent of Brittany Leigh DeStefano, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 4:04cv0076 AS |
| ROBERT D. COCHRAN JR., DANIEL J. SMITH, JENNY SMITH, ROBERT COCHRAN SR. BARBARA COCHRAN BRIAN COCHRAN, and CAROL SMITH, | ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

*MEMORANDUM OPINION AND ORDER*

The original complaint in this case was filed in the Lafayette division of this court on October 18, 2004, invoking jurisdiction under 28 U.S.C. §1332. The original defendants in the case appear to have been Robert D. Cochran, Jr., Daniel J. Smith, and Jenny Smith. Additional defendants, Robert Cochran, Sr., Barbara Cochran, and Carol Smith, were joined in the case in an amended complaint filed April 12, 2006.

All of this relates to incidents which occurred in Tippecanoe County, Indiana on August 10, 2004. Brittany DeStefano was a minor child of the plaintiffs in this case and sustained injuries on the date in question which caused her death. The instrumentality in question was a 1996 Yamaha Model RA1100U jet ski. Thus far, this case has been through numerous proceedings and presently the defendant, Brian Cochran, has filed a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. There are also motions by Daniel J. and Jenny Smith, and the same approach applies to those motions.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the

case. The Supreme Court has instructed that the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996). Furthermore, it is required to analyze summary judgment motions under the standard of proof relevant to the case or issue. *Anderson*, 477 U.S. at 252-55. Applying the above standard, this Court addresses defendants' motion.

Under the Seventh Amendment of the Constitution of the United States, the jury still plays a vitally important role in civil litigation. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir. 1995). Thus, the question must be approached here to determine whether there is a possible issue of fact with reference to these plaintiffs' claims against Brian Cochran. Although the right to cross-examine and confront witnesses is mentioned in the Sixth Amendment of the Constitution of the United States dealing with criminal cases, that right to confront and cross

3

examine is an essential part of the jury trial right under the Seventh Amendment.  It must be admitted here that Brian Cochran in the affidavit filed with his motion for summary judgment presents a strong case for his exoneration in regard to claims against him in the amended complaint filed here.  It is elementary that the factual record which is extensive here must be examined in a light favorable to this plaintiff as against this defendant.  In addition to the separately filed motion for summary judgment filed by Brian Cochran, there also appears to be a motion for summary judgment filed by defendant Robert D. Cochran Jr. which is subject to the same inferences and presumptions above mentioned.

   Basically the procedural law that relates to Rule 56 of the Federal Rules of Civil Procedure is of the federal variety.  However, the substantive law which governs the question of the validity of these claims as against these defendants is governed by Indiana law since this court is a federal court sitting in Indiana and the events occurred in this district in the state of Indiana.  *See State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001).

   A good deal of attention is given to the various theories of negligence advanced here as against these defendants. Two cases by the Supreme Court of Indiana decided the same year are advanced.  *See Webb v. Jarvis*, 575 N.E. 2d 992 (Ind. 1991) (this case was miscited in plaintiffs' brief as 575 N.W. 2d), and *Burrell v. Meads*, 569 N.E. 2d 637 (Ind. 1991).

   Looking at the factual record here in a light favorable to the plaintiffs, they <u>may</u> be able to prove the so-called invitation under *Burrell* and related cases in Indiana.  That is far

4

from assuring the plaintiffs a victory, but it is enough to **DENY** at this time these respective motions for summary judgment by looking at the totality of the allegations here and to avoid fragmenting them at this time. *See Michael v. St. Joseph County*, 259 F.3d 842 (7th Cir. 2001), as well as *Lawrence v. Kenosha County*, 391 F.3d 837 (7th Cir. 2004), and *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892 (7th Cir. 2003).

Intent and credibility are at the very heart of the function of the civil jury, and doubts with regard to the precise facts and witness credibility should be left to that very important constitutional institution. Again, the affidavit of Daniel J. Smith, the affidavit of Jenny Smith, and the deposition of Daniel J. Smith may well present a basis for defense to this civil complaint, but, alas, that issue must now go before a civil jury of eight persons selected according to the prevailing standards in this district.

Long experience has taught this court that the issues raised preliminarily on summary judgment may well have to be revisited carefully and in detail after the plaintiffs' evidence has been presented on a motion for directed verdict. This court is well aware that might be the case. Since the handling of civil litigation must be flavored with a sense of reality, and since this case is also in the hands of an excellent United States magistrate judge with vast real-world experience in this species of litigation in Indiana, not to burden Magistrate Judge Paul R. Cherry, but simply to give these able lawyers for these parties a realistic opportunity to engage in deep reality therapy before the scheduled trial in this case on March 19, 2007

at 9:30 a.m. (local time) in Lafayette, Indiana, the case should return to Magistrate Judge Cherry for an in-depth settlement conference.  **IT IS SO ORDERED.**

    **DATED:**  January 5, 2007

                                          **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**

cc: The Honorable Paul R. Cherry